FOR THE

COUNTIES OF FRANKLIN AND HAMPSHIRE, SEPTEMBER
TERM 1864, AT NORTHAMPTON.

PRESENT:

Hon. GEORGE T. BIGELOW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR, } JUSTICES.
Hon. HORACE GRAY, JR.,

## FRANKLIN COUNTY.

### JOSEPH SEARS vs. CHANDLER VINCENT.

If the subject matter of a suit at law is submitted to arbitration, an award that the plaintiff shall pay all the costs of the suit is by necessary implication a finding that he shall recover no damages.

Under a submission authorizing arbitrators to determine how much shall be paid for the grant of a right of way, they may award that nothing shall be paid therefor.

If parties to a suit at law submit the subject matter thereof to arbitration, and include in the submission separate matters, one of which affects the rights of a third person, an award in favor of the defendant, as to the subject matter of the suit, will be a bar to the further prosecution of the action, although it may not be binding upon such third person. A valid award needs no ratification.

TORT to recover damages for an assault and battery, and for the interruption of the plaintiff in his use of a right of way

over land of the defendant. By an amended answer, the defendant set up an award of arbitrators, embracing the subject matter of the action.

At the trial in the superior court, before *Wilkinson*, J., it appeared that after the commencement of the action the parties entered into a submission to arbitration, by mutual bonds, as follows : The bond of the plaintiff to the defendant recited that the parties had agreed to submit " all matters of controversy between them, growing out of an alleged assault and battery made by said Vincent upon said Sears," and also " all claims for damages for an alleged interruption of a right of way which the said Sears claimed over said Vincent's land to land of Joseph H. Sears," and " other matters as to the right of way, as more fully set forth in the bond from said Vincent, this day given to said Sears, including also the costs of the suit now pending in the superior court."

The bond of the defendant to the plaintiff recited that a controversy had arisen, as stated in the other bond, and that the parties had agreed to submit " all matters of controversy, in relation to the matters aforesaid," to referees, whose award was to be made within a reasonable time ; and continued as follows : ' Said referees are to say whether said Sears is entitled to any damage, and if any how much, for the alleged assault and battery ; also what damage, if any, from the alleged disturbance of the right of way claimed as aforesaid. Said referees shall also determine who shall pay the costs of the suit now pending in the superior court." " Said referees are also to decide whether the owner of the land occupied by said Sears, and owned by said Joseph H., as aforesaid, has a right of way." " And, if they decide that there is no such right of way, then they shall determine how much shall be paid to said Vincent for said right of way."

The referees made and published to the parties the following award : " 1. That neither said Joseph Sears nor his son Joseph H. Sears ever had a right of way to the land involved in dispute. 2. That Mr. Vincent shall give to Joseph H. Sears a free and clear deed, without compensation, securing to him a right

of way from said Vincent's house to the lot of land" owned by Joseph H. Sears. " 3. That Joseph Sears shall pay all the costs of the suit which was pending in the superior court at Greenfield, from which suit this reference had its origin. 4. That the parties, viz. : said Sears and said Vincent, shall each for himself pay the witnesses called by him, and each for himself pay also one half the costs for the services of the referees and the expenses of their sessions. When these costs respectively and fully shall be paid to the satisfaction of the chairman of this reference, Mr. Joseph H. Sears shall be entitled to his deed of right of way aforementioned, and Mr. Chandler Vincent fully absolved from the obligation of the bond he has given, as referred to above, and from all further action or liability in the case submitted for our decision."

About six months afterwards, the referees made a supplementary paper, setting forth that they had learned that Joseph Sears was disposed to say that they had not fully determined all the matters submitted to them, and adding the following : "As to damage for injuries received by Mr. Sears from Mr. Vincent, we were not convinced that he was entitled to any damages whatsoever."

It appeared that the defendant tendered to the plaintiff a sufficient deed of the right of way, in compliance with the award ; and the judge instructed the jury to return a verdict for the defendant, which they accordingly did. The plaintiff alleged exceptions.

*S. T. Field,* for the plaintiff.

*D. Aiken,* for the defendant.

METCALF, J. The jury were rightly instructed, we think, that the award set forth in the defendant's answer was a bar to this action. The first objection made by the plaintiff to this ruling is, that the referees did not decide all the matters submitted to them, because they did not decide whether he should recover anything, or if anything how much, for the assault and battery, nor how much should be paid to the defendant for granting a right of way to Joseph H. Sears, the owner of the land occupied by the plaintiff. As to the damages for the assault and

battery, the award, as originally made, directed that the plaintiff should " pay all the costs of the suit pending in the court from which the reference had its origin." This was, by necessary implication, a decision that he should recover no damages for his alleged cause of action. *Stickles* v. *Arnold,* 1 Gray, 418. *Traquair* v. *Redinger,* 4 Yeates, 282. But if this were not so, the supplement to the award would be conclusive of this matter. And as to the amount to be paid to the defendant for a grant of a right of way, the award was, that he should give to Joseph H. Sears " a free and clear deed, without compensation, securing to him a right of way " over the land described in the plaintiff's and defendant's arbitration bonds. It is true that it was one of the conditions of the defendant's bond, that if the referees should decide that there was not already such a right of way, " they should determine how much shall be paid " to the defendant for such right. But this did not require the referees to award any sum therefor, if in their judgment nothing ought to be awarded. Besides ; as the defendant does not object to this part of the award, but has tendered a deed of a right of way, as directed by the referees, we do not see any legal ground for objection thereto by the plaintiff.

The plaintiff's second objection to the ruling at the trial is, that the submission did not authorize the disposition that was made, if any was made, of his claim for damages, 1st. Because the claim for damages and the right of way were separate matters, affecting different parties. But those separate matters were distinctly submitted to the referees, by the parties to the action, under an agreement that they should decide each and all of them ; and, so far as these parties are concerned, they are concluded by the award, whatever effect it may have, or whether any, on the obligations of Joseph H. Sears. The plaintiff was in possession of the land of said Joseph H. over which a right of way was claimed ; and the referees declared that they deemed the right of way, which they awarded to him, to be virtually the same as if given to the plaintiff. And it was expressly submitted to the referees to decide on what terms the defendant should convey a right of way, not to the plaintiff, but to Joseph

H. Sears. We therefore need not inquire whether an award directing an act to be done to a stranger, which appears to be for the benefit of one of the parties to the submission is valid, if not provided for by the submission. See Kyd on Awards, (1st ed.) 104, *& seq.* ; (2d ed.) 158, *& seq.* 2. It is objected that there was no agreement by the plaintiff to pay for a right of way the amount determined by the referees ; that Joseph H. Sears was to pay for that right, if he should accept the deed thereof; but that it was optional with him to pay the amount and take the deed, or not; and that the referees have decided that he shall have the deed upon the plaintiff's paying cost, to their satisfaction. The answer to this is, that the referees decided all the matters submitted to them by the parties to the action, conformably to the conditions of the arbitration bonds. And we need not determine whether, on a suit upon the bond of either party for refusal to perform the award, it would be held that he was bound to perform everything therein directed. The award, so far as it affects the plaintiff's right to recover damages, is clearly valid, and may, if necessary, be separated from the other part. If the other part is not valid, it is not the fault of the referees, but is the effect of the conditions of the parties' bonds. The award as to the damages sued for in the action is a bar to the action.

The third objection to the judge's ruling is, that the award is void for uncertainty. We see no ground for this objection to any part of the award. Clearly there is no uncertainty respecting the plaintiff's claim for damages for an assault and battery, and for an obstruction of a right of way ; and, as already stated, the award respecting those damages is a legal bar to this action.

The last objection which the plaintiff takes to the ruling is, that there was no ratification of the award. But the award being valid needed no ratification. In the case of *Culver* v. *Ashley,* 19 Pick. 300, cited by the plaintiff, the award was unauthorized, and took its effect solely from its adoption and performance by the parties. The above are all the objections submitted, by the plaintiff, to the ruling at the trial; and we have not looked for any other. *Exceptions overruled.*